**AMERICAN MART CORP.,**
**Plaintiff-Appellant/Cross-Appellee,**

v.

**JOSEPH E. SEAGRAM & SONS, INC.,**
**Defendant-Appellee/Cross-Appellant.**

Nos. 85–2849, 85–2910.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1987.

Decided Aug. 10, 1987.
As Amended Aug. 25, 1987.

David W. Ichel (argued), Barry R. Ostrager, Jacob M. Yellin, Douglas C. Blakeman, Simpson Thacher & Bartlett, New

York City, for defendant-appellee/cross-appellant.

William F. Nelson, Madison, Wis., for plaintiff-appellant/cross-appellee.

Before FLETCHER, REINHARDT and KOZINSKI, Circuit Judges.

PER CURIAM:

American Mart Corp. (AMC) brought this action in district court alleging that Joseph E. Seagram & Sons, Inc.'s (Seagram) termination of AMC's liquor distribution franchises violated the Nevada Alcoholic Beverage Franchise Act (Franchise Act). Nev. Rev.Stat. §§ 598.290–598.350 (1985). The Franchise Act prohibits, inter alia, the termination of liquor distribution franchises without "good cause." Id. § 598.330(2). But a franchisor is given a complete defense if it can prove that the termination was done "in good faith and for good cause." Id. at § 598.350. The district court held that "good cause" exists where "in the exercise of prudent business judgment the supplier terminates the franchise on grounds that are truly legitimate and are not arbitrary, capricious, irrational, unreasonable or irrelevant," whether or not the distributor is at fault. American Mart Corp. v. Joseph E. Seagram & Sons, Inc., 643 F.Supp. 44, 48 (D.Nev.1985). Finding that Seagram terminated the franchise for a legitimate business purpose, it denied AMC's request for injunctive relief and entered judgment for Seagram. AMC appeals.

### Discussion

■ As noted, section 598.350 provides the franchisor with a complete defense where the termination was undertaken "in good faith and for good cause." We interpret the good faith and good cause require-

ment as embodying both an objective and a subjective element. In order to show that there was good cause for the termination, the franchisor must establish the existence of a sufficient business justification for its actions: specifically, it must demonstrate the existence of a well founded objective ground for the termination based upon compelling business reasons. The subjective requirement of good faith calls for the additional showing that the termination was in fact based on such ground and that it was not undertaken with a vindictive or otherwise improper motive.

■ Here, the underlying decision was not one in which a liquor franchisor resolved initially to take an action directed against a particular Nevada distributor or distributors. Rather, the termination was undertaken by Seagram pursuant to a nationwide plan of reorganization which called for consolidation of its distribution network. The company decided to change from a system under which it authorized several distributors to do business within a particular geographic area to a system of exclusive distributorships. In order to implement its new plan in Nevada, Seagram was compelled to terminate two of the three companies it had previously designated to represent it in that state. Under these circumstances, our inquiry is less probing than it might otherwise be. There is sufficient evidence in the record that Seagram's adoption of its nationwide plan (1) was warranted by compelling business considerations and (2) constituted a valid business judgment. Accordingly, we conclude that Seagram's decision to terminate two of its three Nevada distributors did not violate the good cause provision of the Nevada Statute.[1]

American Mart does not contend that it was unfairly selected to be one of the two distributors to be terminated. Nor is there any indication in the record that Seagram's decision to adopt the national plan or to

---

1. We noted that under AMC's proffered interpretation, which would allow termination of the distributor only where it was guilty of misconduct, neglect, inefficiency or other fault, Seagram would have been unable to implement its national plan in Nevada because none of the

three distributors appears to have misbehaved. Whatever the merits of that argument in other circumstances, we do not read the Franchise Act as precluding termination for the reasons relied on by Seagram here.

retain Southern Wine & Spirits rather than American Mart or a third company was made in bad faith. Thus, neither the good cause nor the good faith provisions of the Nevada statute bars Seagram's actions. We note that the district court said that it might have made a different choice as to which distributor to retain. It also noted, however, and we agree, that in the absence of unlawful considerations the choice among distributors was one for Seagram to make in its discretion.

AFFIRMED.[2]

---

2. Seagram also filed a conditional cross-appeal challenging the district court's finding that the Franchise Act governed the relationship between the parties. Seagram argues that if we reverse the district court's interpretation of the Franchise Act, we should nevertheless uphold the termination because the rights of the parties are controlled exclusively by the terms of the written franchise agreements between Seagram and DeLuca Importing, which was purchased by AMC. In light of our disposition, we need not address this issue and dismiss the cross appeal.